UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALISON WILLIS HOKE, et al.,

                                    PlaintiffS,

v.                                                              5:18-CV-0503(LEK/TWD)

EXCELLUS HEALTH PLAN, INC., dba
EXCELLUS BLUECROSS BLUESHIELD, et al.,

                                    Defendants.
_____

APPEARANCES                                       OF COUNSEL

COSTELLO COONEY FEARON, PLLC          JAMES J. GASCON, ESQ.
Attorneys for Plaintiffs

COZEN O'CONNOR                                    MICHAEL D. RAFALKO, ESQ.
Attorneys for Defendant Excellus Health Plan, Inc.

COHEN COMPAGNI BECKMAN               ANDREW KNOLL, ESQ.
APPLER & KNOLL, PLLC                          LAURA L. SPRING, ESQ.
Attorneys for Defendants
KPH Healthcare Services, Inc., KPH Healthcare
Services, Inc. Medical Plan

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## DECISION and ORDER

Presently before the Court is a dispute regarding whether Plaintiffs' jury demand is

appropriate in this action brought pursuant to the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. §§1001 *et. seq.* ("ERISA"). For the reasons that follow, Plaintiffs'

jury demand is stricken and the case will proceed as a non-jury matter.

## BACKGROUND

Plaintiffs filed this suit alleging causes of action for benefits and for declaratory relief

under ERISA § 502(a)(1)(B), injunctive relief under ERISA § 502(a)(3), and for attorneys fees

and costs.  (Dkt. No. 1.)  The Complaint includes a demand for a jury trial.  *Id.*  At the scheduling conference held pursuant to Federal Rule of Civil Procedure 16 on August 17, 2018, the Court discussed the issue of whether Plaintiffs are entitled to a jury trial given the claims alleged pursuant to ERISA.  (Text Minute Entry 8/17/2018.)  Thereafter, at the direction of the Court, the parties filed letter briefs addressing the issue of whether Plaintiffs are entitled to a jury trial.  (*Id.*; Dkt. Nos. 23, 25.)

**DISCUSSION**

Plaintiffs argue they are entitled to a jury trial on all issues raised in this action because they seek to "recover benefits due under the subject ERISA Plan" and, in addition to benefits under the Plan, they seek "contractual damages for breach of the Plan . . . [which] courts have consistently found to be legal in nature and therefore entitle the Plaintiffs to a trial by jury." (Dkt. No. 23 at 1.)  Defendants argue that Plaintiffs' ERISA claims are not jury claims.  (Dkt. No. 25.)  The Court agrees with Defendants.

The Second Circuit has determined that "there is no right to a jury trial in a suit brought to recover ERISA benefits."  *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1258 (2d Cir. 1996), *abrogated on other grounds, McCauley v. First Unum Life Ins. Co.,* 551 F.3d 126 (2d Cir. 2008); *see also Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 568 (2d Cir. 1998) (same). Additionally, the Seventh Amendment's jury right does not apply since "cases involving ERISA benefits are inherently equitable in nature, not contractual."  *DeFelice v. Am. Int'l Life Assur. Co. of N.Y.*, 112 F.3d 61, 64 (2d Cir. 1997).  In *DeFelice*, the Circuit explained that ERISA provides not a contract-like remedy, but rather a "trust-like" equitable remedy that "renders a claim [under Section 502(a)(1)(B)] equitable."  *Id.* (citation omitted).

In the time since the *Sullivan* and *DeFelice* decisions were issued, the Second Circuit and

other courts in this Circuit have continued to maintain that no jury right is available in actions such as this that seek to recover ERISA benefits. *See, e.g., O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 642 F.3d 110, 116 (2d Cir. 2011) ("[T]here is no right to a jury trial in a suit brought to recover ERISA benefits[.]"); *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003) (same); *McLellan v. E. I. DuPont De Nemours & Co., Inc.*, No. 04-CV-314, 2006 WL 3751583, at *9 (W.D.N.Y. Dec. 19, 2006) (same); *Chau v. Hartford Life Ins. Co.*, No. 1:14-CV-8484-GHW, 2016 WL 844831, at *7 (S.D.N.Y. Mar. 1, 2016) (striking jury demand in suit to recover ERISA benefits); *Murphy v. First Unum Life Ins. Co.*, No. 15-CV-820(SJF)(SIL), 2016 WL 526241, at *4 (E.D.N.Y. Feb. 9, 2016 (same).

Plaintiffs' first cause of action seeks benefits under the subject ERISA Plan and declaratory relief under ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). (Dkt. No. 1 ¶¶ 1(a), 38.) The second cause of action seeks injunctive relief pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3). *Id.* ¶¶ 1(b), 40. The third cause of action seeks attorneys fees and costs under ERISA §502(g), 29 U.S.C. §1132(g). *Id.* ¶¶ 1(c), 42. The last cause of action seeks estoppel under ERISA common law. *Id.* ¶¶ 1(d), 44. These claims are clearly equitable in nature and therefore, in looking at the nature of the statutory issues involved and the remedies sought in this action, the Court concludes that Plaintiffs are not entitled to a jury trial. Accordingly, Plaintiffs' jury demand must be stricken.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk is directed to strike Plaintiffs' jury demand.

Dated: November 13, 2018
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge